DUFRESNE, Judge.
Plaintiffs, Gloria Curtis and her husband, Nelson Curtis, Sr. appeal the judgment of the trial court maintaining exceptions of no right of action and no cause of action filed by the defendant, Benson Nissan, Inc.
Plaintiffs’ petition alleges the following essential facts: They leased an automobile from the defendant, GMAC Leasing Corporation, which vehicle had been purchased by GMAC Leasing from the defendant, Benson Nissan, Inc. for the express purpose to satisfy said lease.
Pursuant to the terms of the lease, GMAC Leasing assigned to the plaintiffs any and all warranties which accrued to it by virture of the sale of the vehicle from the vendor, Benson to its vendee, GMAC Leasing. The lease provides in pertinent part as follows:
“19. WARRANTIES. You are authorized to receive the benefits of manufacturer’s warranties on behalf of Lessor. In the event of a dispute regarding the manufacturer’s warranties, you agree to use the manufacturer’s dispute resolution system before taking any other action. You will continue making Monthly Payments to Lessor in the event of such a dispute. You may not withhold payments from Lessor, and you agree that the Monthly Payment is not subject to any defenses, set-off, counterclaim or re-coupment related to claims you may have against the manufacturer, dealer or any third party.
You understand that Lessor is not offering any express or implied warranties and that Lessor offers no implied warranties of merchantability or fitness for a particular purpose covering the vehicle.”
Shortly after perfecting the lease, mechanical malfunctions developed necessitating frequent visits to the Benson dealership.
Benson was promptly made aware of serious mechanical deficiencies, to wit: (a) steering malfunctions; (b) oil leaks in the oil system; (c) a gouge traversing the entire length of the vehicle on the right underside; (d) bucking and stalling of the vehicle; and (e) instances where the vehicle would completely stall-out.
The Curtises alleged they feared for their safety and refused to operate the vehicle. Consequently, they argue the defects were redhibitory in nature and ask for recission of their contract and damages.
The exceptions of no right of action and no cause of action of Benson are based upon the contention that:
“I. The plaintiff herein has no right of action in the present cause and that he is not the proper party to bring this action for the reason that this is a lease between plaintiff and defendant, GMAC Leasing Corporation, and further, said lease contains no assignment of rights from the lessor to the lessee.
II. Further, plaintiff herein has no cause of action in the present cause and that under Louisiana law, plaintiff’s cause of action accrues unto the lessor, GMAC Leasing Corporation.”
These “exceptions” in effect assert that Benson is not liable in redhibition to the plaintiffs.
The peremptory exception raising the objection of no cause of action is uti *211 lized to raise the question of whether the Curtises’ petition alleges a particular grievance for which the law affords a remedy to anyone. LSA-C.C.P. art. 927(4); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
It is readily apparent that the facts alleged by the Curtises, which must be accepted as true for the purposes of the exception do set forth a cause of action. The thrust of Benson’s contention suggests that redhibition accrues only unto GMAC Leasing. We disagree. The Curtises’ petition clearly states a cause of action for redhibition LSA-C.C. art. 2520 et seq. and breach of the express or implied warranty of fitness, LSA-C.C. arts. 2529 and 2531.
It is clear in our law, that the remedy of redhibition is available to the Curtises vis-a-vis the assignment contained in Section 19 of the lease agreement.
There is no dispute that GMAC Leasing purchased the vehicle from Benson and then leased it to the Curtises and assigned its rights in warranty to them.
Relative to the exception of no right of action, Louisiana Code of Civil Procedure Article 927(5) provides for the inclusion that the petitioner has no interest to institute suit. The essential function of this objection has been succinctly stated and restated by the courts of this state. The objection of no right of action is used to raise the question of the petitioner’s interest in the subject matter of the litigation. Stated another way, the objection of no right of action raises the question of whether a remedy afforded by the law can be invoked by a particular petitioner.
Benson raises the question of whether the Curtises have a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition.
We find that the petition sufficiently places the Curtises in the class of persons for whose interest the cause of action stated is provided.
The petition basically alleges that the Curtises leased an automobile from GMAC Leasing and were assigned their rights to enforce any warranties relative to fitness of the vehicle, and that the automobile leased contained alleged redhibitory defects which entitled the Curtises to a recission of the sale.
Clearly, GMAC Leasing as the purchaser has a legal interest in a suit for the redhibition of the sale of the leased automobile, and as such, has assigned this right to the Curtises.
To deny this right to the plaintiffs would place the ultimate consumer in a very inferior position. The Curtises as the consumers should have the right to assert an action in redhibition and not have their rights relegated to GMAC Leasing. Benson Nissan knew that GMAC Leasing was going to lease the vehicle to the Curtises and that they were to be the ultimate consumer/user of the vehicle.
The Curtises were assigned through their lease agreement with GMAC Leasing all of GMAC Leasing’s rights as purchasers to enforce the warranties arising out of the sale of the automobile by Benson Nissan, Inc.
Accordingly, for the reasons assigned above, the judgment of the trial court sustaining the exception of no right of action and/or cause of action is reversed and the case is remanded to the district court for further proceedings. Costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.